Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
Lorena Garcia-Bautista, CA SBN 234091
Jennifer Boulton, CA SBN 259076
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: anna.park@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BORNT & SONS, INC., dba BORNT FAMILY FARMS, BARRAZA FARM SERVICES, LLC dba BARRAZA FARM SERVICE and BARRAZA FARM SERVICES, BARRAZA FARM SERVICES, INC. dba BARRAZA FARM SERVICE and BARRAZA FARM SERVICES, AND DOES 1-5, INCLUSIVE,<br><br>Defendants. | Case No. **'17CV0678 W   NLS**<br><br>**COMPLAINT**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br><br>(42 U.S.C. §§2000e, et seq.)<br><br>**JURY TRIAL DEMAND** |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment

practices on the basis of sex and retaliation and to provide appropriate relief to Barbara Santiago, Hermelinda Lopez, and Enedina Bautista (collectively referred to herein as "Charging Parties") and a class of similarly aggrieved individuals who were adversely affected by such practices. As set forth with greater particularity in paragraphs 25 to 28 of this Complaint, Plaintiff U.S. Equal Employment Opportunity Commission asserts that Defendants Bornt & Sons, Inc. d/b/a Bornt Family Farms; Barraza Farm Service, LLC dba Barraza Farm Service and Barraza Farm Services; Barraza Farm Service, Inc. dba Barraza Farm Service and Barraza Farm Services, and Does 1-5 (collectively referred to herein as "Defendants"), subjected Charging Parties and a class of similarly aggrieved individuals to sexual harassment and/or retaliation for opposing unlawful employment practices in violation of Title VII. Defendants further subjected a class of workers who were associated with sexual harassment victims to retaliation in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

4. Plaintiff U.S. Equal Employment Opportunity Commission (Plaintiff" or the "Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly

authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Bornt & Sons, Inc. d/b/a Bornt Family Farms ("Bornt & Sons") has continuously been a California corporation doing business in San Diego County, State of California, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant Bornt & Sons has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

7. At all relevant times, Defendant Barraza Farm Service, LLC dba Barraza Farm Service and Barraza Farm Services has been a limited liability company doing business in San Diego County, State of California, and has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant Barraza Farm Service, LLC dba Barraza Farm Service and Barraza Farm Services has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

9. At all relevant times, Defendant Barraza Farm Service, Inc. dba Barraza Farm Service and Barraza Farm Services has been a California corporation doing business in San Diego County, State of California, and has continuously had at least fifteen (15) employees.

10. At all relevant times, Defendant Barraza Farm Service, Inc. dba Barraza Farm Service and Barraza Farm Services has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

11. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendant(s), each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the

direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and/or severally.

12. From 2010 to 2012, Bornt & Sons has continuously been under contract with Barraza Farm Service, LLC dba Barraza Farm Service and Barraza Farm Service and/or Barraza Farm Service, Inc. dba Barraza Farm Service and Barraza Farm Services (collectively "Barraza Farm Service") for services rendered in California, and has continuously been a joint employer with Barraza Farm Service where both generally controlled the terms and conditions of the employment of the Charging Parties and other farmworkers.

13. From 2010 to 2012, Barraza Farm Service and Bornt & Sons jointly controlled the Charging Parties' and other farmworkers' work; jointly supervised the Charging Parties and other farmworkers, and/or Bornt & Sons exercised successively higher authority over the Charging Parties and other farmworkers through its control of the terms of its contracts with Barraza Farm Service; jointly held the right, directly or indirectly, to hire, fire, or modify the employment conditions of the farmworkers; jointly participated in the preparation of payroll and the payment of wages.

14. Bornt & Sons' joint employer liability also stems from its ownership and/or control of the land and worksite where the unlawful practices occurred, which placed it in a position to know of and/or prevent the violations of Title VII alleged herein.

15. The Charging Parties and other farmworkers were economically dependent on Bornt & Sons due to its investment in equipment and facilities.

16. The Charging Parties and other farmworkers performed routine tasks that are a normal and integral phase of Bornt & Sons' production making them dependent on Bornt & Sons' overall production process.

17. Bornt & Sons maintained on-the-job control over the Charging Parties and other farmworkers through its own personnel and/or Barraza Farm Service's on-site foreman who relayed Bornt & Sons' instructions to the Charging Parties and other farmworkers. Bornt & Sons controlled the farmworker's schedules and daily assignments, including the fields to be worked, start times, job to be done, and number of hours worked per day.

18. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. The Commission reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

19. More than thirty days prior to the institution of this lawsuit, Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII by Defendants.

20. On September 16, 2016, the Commission issued to Defendants Letters of Determination finding reasonable cause to believe that Charging Parties and a class of female workers were sexually harassed because of their sex (female), and subjected to retaliation for opposing discrimination. The Commission further made like and related findings of reasonable cause to believe that a class of workers who reported discrimination against and/or sexual harassment of female workers were subjected to retaliation and workers who associated with sexual harassment victims and family members of female sexual

harassment victims were subjected to retaliation for their association. The Commission further invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

21. The Commission engaged in communications with Defendants to provide Defendants with the opportunity to remedy the discriminatory practices described in the Letters of Determination.

22. The Commission was unable to secure through informal methods of conciliation, including but not limited to an in-person conciliation conference, from Defendants a conciliation agreement acceptable to the Commission.

23. On February 15, 2017, the Commission issued to Defendants Notices of Failure of Conciliation.

24. All conditions precedent to the initiation of this lawsuit have been fulfilled.

25. Since at least 2010, Defendants have engaged in unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) by subjecting the Charging Parties and a class of similarly aggrieved individuals to harassment on the basis of their sex (female) and retaliation for complaining about and/or opposing the unlawful employment practices. The unlawful employment practices include but are not limited to:

a. Charging Party Barbara Santiago worked for Defendants from approximately May 2011 to August 2011. Throughout her employment with Defendants, Bornt & Sons' Farm Manager Juan Perez Castillo ("Perez Castillo") subjected her to regular and repeated sexual harassment, including but not limited to, physically accosting her by grabbing her breasts and trying to forcibly kiss her; exposing his genitals while urinating and staring directly at her; grabbing her buttocks from behind while sticking out his tongue at her; asking her to go out with him for coffee; making comments of a sexual nature to her and other female

workers two to three times per week such as "move like we moved last night," making reference to sexual positions; leering at her and female workers' buttocks when they were bent over working; and grabbing a female worker's genitals in her presence. Such conduct was unwelcome by Charging Party Barbara Santiago. When Charging Party Barbara Santiago complained, Defendants failed to take corrective action. Instead, Charging Party Barbara Santiago was laid off early in the 2011 season (in or about August 2011) by Defendants because she complained and was not called back to return to work for Defendants.

      b. Charging Party Hermelinda Lopez worked for Defendants for two seasons in 2010 and 2011. Throughout her employment with Defendants, Perez Castillo subjected her to regular and repeated sexual harassment, including but not limited to, coming up from behind her, grabbing her buttocks, and telling her that her buttocks was very big and reminded him of another female worker; coming up from behind her and touching her shoulder; making comments of a sexual nature to her such as "I am feeling very hot"; telling her and the other female workers that he had $14 million to do whatever he wanted to do, and that those who did what he wanted them to do would have privileges at work while those who disobeyed him would have problems; and telling her and the other female workers that they would receive benefits in exchange for sex with him. Such conduct was unwelcome by Charging Party Hermelinda Lopez. When Charging Party Hermelinda Lopez complained, Defendants failed to take corrective action and Perez Castillo threatened to terminate her and anyone who complained. Charging Party Hermelinda Lopez was laid off early in the second season (in or about August 2011) by Defendants because she complained and was not called back to return to work for Defendants. Charging Party Hermelinda Lopez's husband/partner, Claimant Reynaldo Sanchez, complained to Bornt & Sons' General Manager about Perez Castillo's sexual harassment of the female farm workers. In response, Bornt

& Sons' General Manager told Claimant Reynaldo Sanchez that it was "not [his] job to know" and shortly thereafter, Claimant Reynaldo Sanchez was also laid off/discharged and he was not rehired.

   c. Charging Party Enedina Bautista worked for Defendants for two seasons in 2010 and 2011. Throughout her employment with Defendants, Perez Castillo subjected her to regular and repeated sexual harassment, including but not limited to, touching her buttocks and mid back on several occasions while she was working; brushing up from behind her and other female farm workers; standing behind her and other female workers when they were bending over and staring at their buttocks; telling her that he had a pillow full of money for whenever she wanted it if she had sex with him; telling her that she did not have to work and that he would give her money if she had sex with him; making comments of a sexual nature about having sex with female workers, and that he was available to sexually service women 24 hours a day; and talking about the size of penises he saw in pornographic videos; touching a female worker's genitals in her presence as he said that her co-worker had a nice rear end. Such conduct was unwelcome by Charging Party Enedina Bautista. When Charging Party Enedina Bautista rejected his sexual advances, she was laid off early in the second season (in or about August 2011) by Defendants and was not called back to return to work for Defendants.

   d. Claimant 1 worked for Defendants for several seasons from approximately at least 2010 through 2014, at Bornt & Sons' Anza farm. Throughout her employment with Defendants, Perez Castillo subjected her to regular and repeated sexual harassment, including but not limited to, grabbing her buttocks; routinely pulling her away from the farm to do other work as an excuse to take her away from the other farm workers and trying to have sex with her; grabbing her head and forcefully trying to kiss her on the mouth; hugging her from behind and pulling her close to him; placing his head on her shoulder; telling her

how sexy and attractive she was while attempting to kiss her on the mouth; grabbing her hands and caressing them while telling her she had nice hands; staring at her buttocks; repeatedly telling her that he wanted to take her to a hotel to have sex with her and that she was good-for-nothing and she should devote herself to what she was good at, referring to sex; offering to give her money in exchange for sex; commenting about her clothes being sexy, and if he were her husband, he would have her at home, "your tits look nice, you must have breastfed" and "when you are f*cking, does hair fall out?" When Claimant 1 was pulled away from the farm and assigned to clean an office, Perez Castillo locked the door to the office, removed his clothes, sat naked on a chair, and asked her to suck his penis. Claimant 1 repeatedly objected to being pulled from the fields to do other work for Perez Castillo as well as his other harassing conduct but he threatened her that she could either go with him or be fired, and threatened to fire her partner/husband and her daughter. When Claimant 1 objected to Perez Castillo's sexual advances, he denied her, her partner/husband and daughter work even though there was plenty of work to do at the farm.

    e. Perez Castillo subjected a class of similarly aggrieved individuals to sexual harassment, including but not limited to, making a practice to hire younger women and pulling the young female workers into his vehicle, one at a time, to drive away with them to have sex; giving preferential treatment to the younger female farm workers who had sex him; making sexual proposals to female workers including offering them money, a car, and not having to work anymore if they went out with him; grabbing and/or touching female workers' genitals/buttocks; standing behind the female workers and leering at their buttocks and breasts; pointing and laughing at the female workers' body parts; pressuring female workers to perform their work bending over; and making comments of a sexual nature.

  26. Defendants failed to take corrective action in response to complaints

by the workers. Upon receipt of the Charging Parties' complaints, Perez Castillo was thereafter sent to a different Bornt & Sons' farm and he continued to sexually harass female farm workers.

27. In response to complaints of sexual harassment, Defendants took retaliatory action against employees, including but not limited to, laying off and/or discharging Charging Parties and a class of similarly aggrieved individuals, and/or failing to rehire Charging Parties and a class of similarly aggrieved individuals, including but not limited to Claimant Reynaldo Sanchez, who opposed the sexual harassment of female workers in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3.

28. Defendants further subjected a class of workers, including but not limited to Charging Party Barbara Santiago's partner/husband and Claimant 1's husband/partner and daughter, to retaliatory actions such as discharge and failing to rehire them as a result of their association with sexual harassment victims who opposed their harassment in violation of Title VII.

29. The effect of the practices complained as described in paragraphs 25 to 28 has been to deprive Charging Parties and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their sex (female).

30. The effect of the practices complained of in paragraphs 25 to 28 above has been to deprive Charging Parties and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their engagement in protected activities in opposition to unlawful employment practices.

31. The unlawful employment practices complained of in paragraphs 25 to 28 above were intentional and caused Charging Parties and a class of aggrieved individuals to suffer emotional distress.

32. The unlawful employment practices complained of in paragraphs 25 to 28 above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and a class of aggrieved individuals.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex;

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII;

C. Order Defendants to make Charging Parties and a class of aggrieved individuals whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D. Order Defendants to make Charging Parties and a class of aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E. Order each Defendant to pay Charging Parties and a class of aggrieved individuals punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

F. Award the Commission its costs of this action; and

G. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: April 4, 2017                    Respectfully Submitted

JAMES L. LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507

By: _____
ANNA Y. PARK
Regional Attorney

SUE J. NOH
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION