Anna Y. Park, SBN 164242
Sue Noh, SBN 192134
Rumduol Vuong, SBN 264392
Lorena Garcia-Bautista, CA SBN 234091
Jennifer Boulton, CA SBN 259076
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
Attorneys for Plaintiff U.S. EEOC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

   v.

BORNT & SONS, INC., dba BORNT
FAMILY FARMS, BARRAZA FARM
SERVICES, LLC dba BARRAZA
FARM SERVICE and BARRAZA
FARM SERVICES, BARRAZA
FARM SERVICES, INC. dba
BARRAZA FARM SERVICE and
BARRAZA FARM SERVICES, AND
DOES 1-5, INCLUSIVE,

        Defendant(s).

Case No.: 17-cv-0678-W-NLS

**CONSENT DECREE**

Plaintiff United States Equal Employment Opportunity Commission

("EEOC" or "Plaintiff") and Defendant FRANCISCO BARRAZA dba BARRAZA

1 FARM SERVICE (improperly sued as BARRAZA FARM SERVICES, LLC and
2 BARRAZA FARM SERVICES, INC.) ("Barraza"), hereby stipulate and agree to
3 the entry of this Consent Decree ("Decree") to resolve all claims against Barraza in
4 U.S. Equal Employment Opportunity Commission v. Bornt & Sons, Inc., et al.,
5 Case No. 17-cv-0678-W-NLS (the "Action"). On April 4, 2017, Plaintiff filed this
6 Action in the United States District Court, Southern District of California, for
7 alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42
8 U.S.C. § 2000e et seq. ("Title VII"). The Action alleges that Barraza and
9 Defendant Bornt & Sons, Inc., violated Title VII by unlawfully subjecting Barbara
10 Santiago, Hermelinda Lopez, Enedina Bautista, Abidio Guzman, similarly situated
11 female employees, and a class of male employees who will be identified in the
12 EEOC's Distribution List (hereinafter "Claimants") to sexual harassment,
13 retaliation for engaging in protected activity, and retaliation for their association
14 with employees who engaged in protected activity.

15        **I.**    **PURPOSES AND SCOPE OF THE DECREE**

16     A.    The parties to the Decree are the EEOC and Barraza (collectively, the
17 "Parties"). The Parties agree that the Action against Barraza, and any and all
18 claims by and between the EEOC, on the one hand, and Barraza, on the other hand,
19 should be fully and completely resolved by entry of the Consent Decree. This
20 Decree does not resolve the EEOC's claims against Bornt. This Decree shall be
21 binding on and enforceable against Barraza, and its agents, successors, and assigns.

22     B.    The Parties have entered into this Decree for the following purposes:

23         1.    To provide appropriate monetary and injunctive relief;

24         2.    To ensure that Defendant Barraza's employment practices
25             comply with federal law;

26         3.    To ensure a work environment free from discrimination;

27         4.    To modify Defendant Barraza's policies, procedures, and
28             practices regarding employment discrimination;

5. To ensure training for Defendant Barraza's employees with respect to the pertinent laws regarding discrimination/harassment and retaliation;

6. To provide an appropriate and effective mechanism for handling complaints of discrimination/harassment and retaliation in the workplace;

7. To ensure effective record-keeping procedures; and

8. To avoid the expensive and protracted costs incident to this litigation.

The Parties have entered into this Decree in order to completely resolve and discharge any and all disputes that exist, or may exist, between them, subject to the scope, terms, conditions and/or limitations, as set forth in this Decree. In making this Decree, no Party is admitting the sufficiency or adequacy of any claims, allegations, assertions, contentions or positions of any other Party, or the sufficiency or adequacy of any defenses to any such claims, allegations, assertions, contentions or positions.

## II.   RELEASE OF CLAIMS

A.   This Decree fully and completely resolves all issues, claims, and allegations raised by the EEOC in the Action, with respect to the Charge Nos. 480-2012-00104, 480-2012-00141, 480-2012-00143, 480-2012-012992 and/or any and all claims of the Claimants who will be identified in the EEOC's Distribution List against Barraza.

B.   Nothing in this Decree shall be construed to preclude any Party from bringing suit to enforce this Decree in the event that any Party hereto fails to perform the promises and representations contained herein.

C.   Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal employment statute.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges unrelated to the Action that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures. This Decree shall in no way hinder or affect an individual's right to file a charge with the EEOC or applicable state agency, participate in a federal or state investigation, or the EEOC's investigation and determinations into such charges.

## III.     JURISDICTION

A.     The Court has jurisdiction over the Parties and the subject matter of this Action. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.     The terms and provisions of this Decree are fair, reasonable, and just.

C.     This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

D.     The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

## IV.     EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date in which this Decree is entered by the Court ("the Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## V.     MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B. If one or more of the provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make, good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of the Decree.

## VI. COMPLIANCE AND RESOLUTION

A. The Parties agree that if Barraza fails to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce this Decree. At least thirty (30) days prior to initiating such action, the EEOC will notify Barraza and its legal counsel of record, via email and regular mail, of the nature of the dispute. The notice shall specify the particular provision(s) that the EEOC believes Barraza has breached. Defendant Barraza shall have thirty (30) days to attempt to resolve or cure the breach. However, the Parties may agree to extend this period upon mutual consent.

B. After sixty (60) days since notice was provided to Barraza have passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute. The EEOC may seek all available relief, including an extension of the term of the Decree for such period of time that the Court finds the Decree was not reasonably complied with and/or any other relief that the Court may deem appropriate.

C. In the event of Barraza's failure to pay as set forth in Section VII of this Decree, the EEOC may petition the Court for resolution of the dispute without the adhering to provisions described in Section VI, and the EEOC may seek all available relief, including all costs and interests on the outstanding payment.

# VII.  MONETARY RELIEF

A.    In settlement of the Action, Defendant Bornt & Sons, Inc. and Barraza agree to pay a total gross sum of $300,000 ("Settlement Sum"). Designation, characterization, and/or allocation of the monetary relief to the Claimants shall be at the sole discretion of the EEOC.

B.    By July 6, 2018 or within five (5) days of notice of the Effective Date, whichever occurs later, Barraza shall mail payment of the Settlement Sum to Defendant Bornt & Sons, Inc. ███████████████ Barraza shall email a copy of the check and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.  Defendant Bornt & Sons, Inc., shall add the Settlement Sum to the amount being paid in resolution by Defendant Bornt & Sons, Inc., and will direct payments to the claimants identified by the EEOC via certified mail a check for the full amount in the amounts specified by the EEOC. Defendant Barraza shall prepare and distribute Form 1099 or the equivalent tax reporting form to Bornt & Sons, Inc. and shall make the appropriate reports to the Internal Revenue Service and other tax authorities.

# VIII.  GENERAL INJUNCTIVE RELIEF

A.    Anti-Discrimination

Defendant Barraza, its officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) engaging in harassment of any person(s) on the basis of his/her sex; (b) engaging in or being a party to any action, policy, or practice that discriminates and/or creates a hostile work environment on the basis of any employee's sex; and/or (c) creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of sex.

B.    Anti-Retaliation

1       Defendant Barraza, its officers, agents, management (including all
2 supervisory and lead employees), successors, assigns and all those in active concert
3 or participation with them, or any of them, are hereby enjoined to not engage in,
4 implement, or permit any action, policy or practice that retaliates against any
5 current or former employee or applicant of Defendant Barraza or its successors
6 because he/she has in the past, or during the term of this Decree, either: (a)
7 opposed any practice made unlawful under Title VII; (b) filed a charge of
8 discrimination alleging such practice; (c) testified or participated in any manner in
9 any investigation (including, without limitation, any internal investigation
10 undertaken by Defendant Barraza or its successors) or proceeding in connection
11 with this Action or relating to any claim of a Title VII violation; (d) been identified
12 as a possible witness or claimant in this Action; (e) asserted any rights under this
13 Decree; (f) sought and/or received any relief in accordance with this Decree; or (g)
14 are associated with an employee who has engaged in the activities set forth in
15 Section VIII(B).

16     C.   <u>No Re-hire List</u>

17     Defendant Barraza shall not maintain a no re-hire list.

18           **IX.  SPECIFIC INJUNCTIVE RELIEF**

19   A.   <u>Reinstatement</u>

20     1.    The EEOC shall inform the Claimants identified in the EEOC's
21 Distribution List of their ability to seek reinstatement.

22     2.    During the duration of this Decree, the EEOC will provide written and
23 email notice to Defendant Barraza whether any Claimant is interested in
24 reinstatement (Reinstatement Claimant), and the telephone, mailing address, and
25 email contact information for the Reinstatement Claimant.

26     3.    Within ten (10) days from the EEOC's notice, Defendant Barraza
27 shall contact the Reinstatement Claimant, and notify them of any open farm worker

28

position(s) and the process in which the Reinstatement Claimant may use to apply for such positions.

4. As described below in Section H., Defendant Barraza shall produce to the EEOC information regarding the Reinstatement Claimant in its annual reporting.

5. If the Reinstatement Claimant is separated from employment by Defendant Barraza, Defendant Barraza shall notify the Commission in its annual reporting of the separation from employment and identify the reason(s) for such termination.

6. EEOC may seek information or documents relating to the separation of any Reinstatement Claimant and Defendant Barraza shall provide by writing or email any written documentation or information requested by the EEOC within sixty (60) days of the request.

B. Equal Employment Opportunity Compliance Coordinator

Francisco Barraza shall serve as Barraza's EEO Compliance Coordinator ("EEO Compliance Coordinator") to oversee Barraza's implementation of the terms of this Consent Decree. The EEO Compliance Coordinator will possess the knowledge, capability, organizational authority, and resources to monitor and ensure Barraza's compliance with the terms of this Consent Decree. The EEO Compliance Coordinator shall also have a base of knowledge regarding sexual harassment. Barraza shall assign the EEO Compliance Coordinator the responsibility of monitoring and ensuring Decree compliance and shall further hold the EEO Compliance Coordinator accountable for carrying out his or her responsibilities. The EEO Compliance Coordinator shall be knowledgeable in how to carry out his or her duties. Should the EEO Compliance Coordinator be unable or unwilling to continue as the EEO Compliance Coordinator for the duration of the Decree, the procedures set forth herein shall also apply to the selection of a new EEO Compliance Coordinator.

The EEO Compliance Coordinator's responsibilities shall include the following:

1. Reviewing and revising Defendant Barraza's policies and procedures, including its complaint procedures, relating to discrimination, harassment, and retaliation, to ensure that they fully comply with Title VII and the requirements set forth in this Decree;

2. Ensuring Defendant Barraza's compliance with the terms of the Decree;

3. Ensuring Barraza comply with policies and procedures that effectively carry out its obligations under Title VII and this Decree;

4. Ensuring that employees are trained of their rights and responsibilities under Title VII and this Decree, including but not limited to Barraza's responsibilities and policies regarding harassment and retaliation;

5. Ensuring that all employees are trained on how to complain regarding harassment and retaliation as well as monitoring Defendant Barraza's investigation into such information;

6. Ensuring Barraza have procedures in place to promptly and effectively handle complaints of harassment and retaliation;

7. Monitoring Barraza's investigations to:

    i. Ensure that investigations conducted in an effective manner;

    ii. Ensure that Barraza properly communicate with complainants regarding the complaint procedure, status of the investigation, results of the investigation, and any remedial action taken; and

    iii. Ensure that Barraza adequately monitor the workplace after complaints to ensure no retaliatory actions are taken against the complainant;

8.      Ensuring that Defendant Barraza creates a centralized system of tracking discrimination, harassment, and retaliation complaints, as required by this Decree;

9.      Promptly informing the EEOC via mail or email of complaints of sexual harassment and apprising EEOC of Barraza's handling of complaints of sexual harassment, including but not limited to responding to EEOC's request for information, providing via mail or email documents sought by the EEOC regarding the complaint or investigation, and seeking the EEOC's input before closing the investigation of any sexual harassment complaint;

10.     The EEOC will monitor and/or review Barraza's investigations into sexual harassment or retaliation complaints to ensure that investigations are conducted in an effective manner;

11.     Preparing an annual report to the EEOC on Barraza's progress and its compliance under this Decree;

12.     Ensuring that all reports required by this Decree are accurately compiled and timely submitted via mail or email;

13.     Ensuring the posting and/or distribution of the revised Policy as required by this Decree; and

14.     Ensuring that Barraza's performance and discipline policies hold employees and managers accountable for, as applicable, failing to take appropriate action regarding complaints of discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree.

C.      EEOC Audits

1.      The EEOC shall conduct audits by mail at all locations where Defendant Barraza places its employees to work (including but not limited all

offices and/or placement farms). The audits shall occur after the final policies and complaint procedures are distributed to the employees and after the initial training at those locations to ensure that the policies and procedures have been received by the employees and to ensure compliance with the anti-harassment and anti-retaliation policies and procedures. The EEOC will develop, prepare, and conduct the audits. At a minimum, the audits shall seek information regarding whether the employee has experienced or witnessed sexual harassment or retaliation during their employment with Defendant. The audits shall instruct the employees to return their responses directly to the EEOC.

2. Any audit responses that identify recent sexual harassment or retaliation issues shall be promptly investigated by Defendant's EEO Compliance Coordinator, and will require prompt and effective remedial action.

3. To the extent the audit identifies any particular area or location where there are multiple allegations of sexual harassment and/or retaliation, the EEOC may direct Defendant to provide additional training and/or the EEOC will conduct additional audits at that location; and

4. Defendant will provide the names and most recent contact information of all of working farm employees in order for the EEOC to do the audits.

D. Policies and Procedures

1. Revision of Policy

Within ninety (90) days of the Effective Date, Barraza shall review, and, if necessary, revise, and distributed to its employees companywide policies and procedures regarding employment discrimination prohibited by Title VII (the "Policy") in English or Spanish. The Policy shall include:

a. A clear explanation of prohibited conduct under the Policy, including an explanation that harassment and discrimination on the basis of race, color, national origin, sex, age, disability,

creed/religion, or any other protected class, and retaliation is prohibited with a particular emphasis that the company will not tolerate any incidents of sexual harassment or retaliation;

b. An assurance that employees who make complaints of harassment/discrimination or provide information related to such complaints will be protected against retaliation;

c. A clearly described complaint process that provides accessible and confidential avenues for complaints, including information regarding an internal and external person whom employees may report incidents of discrimination and retaliation;

d. An assurance that Barraza will protect the confidentiality of complainants to the extent possible from being disclosed to those persons who do not need to know; and Defendant Barraza's employees shall take all reasonable steps to maintain confidentiality;

e. Assurances that the complaint process will include a prompt, thorough, and impartial investigation: which includes:

   (i) Compliance Coordinator shall conduct a prompt and thorough investigation of all complaints, including but not limited to interviewing the complaining party/victim, the alleged perpetrator, and all available or identifiable witnesses;

   (ii) At the conclusion of the investigation, Defendant Barraza shall take all appropriate steps to remedy and prevent future incidents of discrimination, harassment, and retaliation;

   (iii) Defendant Barraza shall monitor the work place subsequent to the investigation to ensure that no

retaliatory acts have been taken against the complaining party/victim;

    (iv)    A procedure for communicating with the complainant regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken;

    (v)    Compliance Coordinator shall update the complaining party/victim of the status of the investigation;

f.    An instruction that supervisors and managers shall report to Barraza's EEO Compliance Coordinator incidents of harassment, discrimination, or retaliation that they witness or are aware of; (i) Upon a complaint by an employee or any other form of notice, the employee receiving the complaint shall inform their immediate supervisor;

g.    Assurances that Barraza will take immediate and appropriate corrective action if it determines that harassment/discrimination and/or retaliation has occurred; and

h.    Defendant Barraza further agrees to implement, with the assistance of the Monitor, a centralized system for tracking, gathering, and retaining discrimination, harassment, and retaliation complaints.

2.    <u>Procedure for Tracking Complaints</u>

Defendant Barraza further agrees that the Policy described in Section IX.B.1 shall describe the process by which Defendant Barraza's employees will handle complaints of discrimination. The Policy shall at minimum provide that (1) upon a complaint by an employee or any other form of notice, the employee receiving the complaint shall inform their immediate supervisor; (2) Defendant Barraza shall conduct a prompt and thorough investigation of all complaints, including but not

1  limited to interviewing the complaining party/victim, the alleged perpetrator, and
2  all available or identifiable witnesses; (3) Defendant Barraza shall update the
3  complaining party/victim of the status of the investigation; (4) Defendant Barraza's
4  employees shall take all reasonable steps to maintain confidentiality; (5) at the
5  conclusion of the investigation, Defendant Barraza shall take all appropriate steps
6  to remedy and prevent future incidents of discrimination, harassment, and
7  retaliation; and (6) Defendant Barraza shall monitor the work place subsequent to
8  the investigation to ensure that no retaliatory acts have been taken against the
9  complaining party/victim. Defendant Barraza further agrees to implement, with
10 the assistance of the Monitor, a centralized system for tracking, gathering, and
11 retaining discrimination, harassment, and retaliation complaints.

12            2.    Distribution of Policy

13            Within one hundred twenty (120) days of the Effective Date and annually
14 thereafter, Defendant Barraza shall provide to the EEOC a copy of the Policy.
15 Barraza shall distribute the Policy to all of its employees in English or Spanish.

16            Within thirty (30) days of the hire date of any person hired after the initial
17 distribution but within the term of the Decree, Barraza shall ensure that it has
18 distributed the Policy to and made the policy available to that employee.

19       D.    Performance Evaluations

20            Defendant Barraza shall evaluate its managers, supervisors, and office
21 personnel to hold individuals accountable for failing to appropriately remedy or
22 report incidents of harassment/discrimination, or retaliation for engaging in
23 harassment/discrimination or retaliation, and for failing to comply with Defendant
24 Barraza's policies and procedures regarding harassment, retaliation, or
25 discrimination.

26       E.    Posting of Notice of Consent Decree and Settlement

27            Within thirty (30) days of the Effective Date and for the duration of the
28 Decree, Defendant Barraza shall post the Notice of Consent Decree and Settlement

1  (attached to this Decree as Attachment A) in a conspicuous place accessible at
2  Barraza's office in an area accessible to all employees.

     F.    Equal Employment Opportunity Training

         1.    Training of Non-Management Employees

In August/September 2018, and annually thereafter during the term of this Decree, Barraza shall conduct sexual harassment training lasting up to one hour in duration to all of Barraza's non-management employees. The training shall be in English or Spanish and shall cover Barraza 's Policy, Barraza's complaint process, and federal laws regarding employment discrimination with a particular emphasis on sex discrimination/harassment and retaliation. The training shall be in person and/or have interactive components.

Where an employee is unable to attend the scheduled training or within ninety (90) days of the hire date after the annual training but within the term of the Decree of an employee, Defendant Barraza shall provide a live and/or interactive training at an alternative session within ninety (90) days if the employee is still working for Defendant Barraza. All persons required to attend such training shall verify their attendance in writing.

         2.    Managerial and Supervisor Training

In August/ September 2018, and annually thereafter, Defendant Barraza shall provide a training to employed managers, supervisors, office personnel and the EEO Compliance Coordinator Francisco Barraza. The training shall last up to one hour in duration and be in English or Spanish. The live and interactive training shall cover: manager's obligations and responsibilities under Barraza's Policy, Barraza's complaint process and procedures, procedures and steps supervisors and managers shall take in responding to incidents of discrimination or retaliation which they become aware of, and federal laws regarding employment discrimination.

1    Where an employee is unable to attend the scheduled training or within
2  ninety (90) days of the hire date of any manager, supervisor, or EEO Compliance
3  Coordinator, Defendant Barraza shall provide a live training at an alternative
4  session within ninety (90) days if the employee is still working for Defendant
5  Barraza. All persons required to attend such training shall verify their attendance in
6  writing.

7        3.   Verification of Training

8    Barraza shall confirm in its annual report to the EEOC during this Decree
9  that the above trainings have occurred. Defendant Barraza shall produce to the
10  EEOC documents verifying the occurrence of all training sessions conducted as
11  required under this Decree, including the written training materials used, a
12  description of the training provided, a list of the individuals who conducted the
13  training, and a list of the names of attendees at each training session.

14    The EEOC shall have the right and provide sixty (60) day email notice to
15  attend the trainings described in the Decree. If notice provided by the EEOC,
16  Defendant Barraza shall provide written or email notice thirty (30) days prior to
17  any training to EEOC with the necessary time, location, name and contact
18  information of the trainer. The written notice shall be sent via U.S. Mail or email
19  to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment
20  Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles,
21  California, 90012.

22       G.   Record Keeping

23    Within ninety (90) days of the Effective Date, Defendant Barraza shall
24  establish a record-keeping procedure that provides for the centralized tracking of
25  harassment complaints as well as the monitoring of such complaints, including the
26  identities of the parties involved. The records to be maintained shall include all
27  documents generated through the duration of the Decree in connection with
28  Defendant Barraza's compliance with the Decree, any complaints regarding

harassment, any investigation into the complaint, and any resolution of the complaint. Defendant Barraza shall also track records of the complaint to enable the Monitor to identify any repeat offenders and supervisors who repeatedly fail to prevent and correct discrimination or retaliation. Defendant Barraza shall make such records available for the EEOC's inspection at Barraza's office within thirty (30) days of the EEOC's mail and/or email request.

H.    Reporting

Barraza through its EEO Compliance Monitor shall submit via mail and/or email an annual report on Barraza's progress and its compliance under this Decree to include the following:

1.    The attendance lists for all training sessions required under this Decree that occurred since the previous report;

2.    Confirming of distribution of the Policy for employees since the previous report;

3.    A description of all sex discrimination, harassment, and/or retaliation complaints made since the submission of the immediately preceding report hereunder. This description shall include:

a. The names of the individuals alleging discrimination or retaliation; the nature of the complaint;

b. The names of the alleged perpetrators of discrimination or retaliation, including whether the alleged perpetrator has been the subject of any previous complaints of harassment or discrimination;

c. The dates of the alleged discrimination or retaliation;

d. A brief summary of how each complaint was resolved;

e. The identity of the employee(s) who investigated and/or resolved each complaint;

f. The identities of any supervisor, or other individual involved in making any determinations about the complaint;

g. Barraza shall also identify any individuals accused who have been either the subject of more than one complaint of harassment or discrimination.

If no results have been reached as of the time of the report, the result shall be included in the next report;

4. Confirmation that the Notice of Consent Decree and Settlement, and Policy are posted and continue to be posted in a conspicuous place at Barraza's office accessible to all employees;

5. If any changes from the previous report, a summary of the procedures and record keeping methods developed for the centralized tracking of sex discrimination, harassment, and retaliation complaints and the monitoring of such complaints

6. The status of Barraza's compliance with the terms of the Decree; and

7. Whether any revisions of Barraza's policies and procedures regarding discrimination, retaliation, and harassment have been made, including a copy of the revised policies or procedures;

8. All identifying information regarding the Reinstatement Claimant(s) including:

a. The date in which it notified the Reinstatement Claimant(s) who seek/sought reinstatement that they will be considered for any position(s) open at farms affiliated with Defendant Barraza, and notified the Reinstatement Claimant(s) to apply;

b. Its decision as to whether or not it hired the Reinstatement Claimant(s);

c. The name(s) of the Reinstatement Claimant(s) who are/were re-employed by Defendant Barraza and where they were placed to work; and

1                d. If the Reinstatement Claimant is separated from employment by

2                Defendant Barraza, Defendant Barraza shall notify the Commission

3                the reason(s) for such separation.

4      9.     To the extent any contract exists between Defendant and a farm,

5 Defendant shall report to the EEOC with a copy of the contract between Defendant

6 and the farm. Defendant shall report to the EEOC who they are in contract with

7 (i.e. the name of the farm(s)).

8 ## X. <u>MISCELLANEOUS PROVISIONS</u>

9      A.     During the term of this Decree, Barraza shall provide any potential

10 assignee or successor-in-interest with a copy of this Decree within a reasonable

11 time of not less than thirty (30) days prior to the execution of any agreement for

12 acquisition or assumption of control of any of all of Barraza's facilities, or any

13 other material change in corporate structure. Barraza shall simultaneously inform

14 the EEOC of any such agreement for acquisition, assumption of control, or other

15 material change in corporate structure.

16      B.     During the term of this Decree, Barraza shall assure that each of its

17 officers, managers, and supervisors is aware of any term(s) of this Decree which

18 may be related to his/her job duties.

19      C.     Unless otherwise stated, all notices, reports and correspondence

20 required under this Decree between Defendant Barraza and EEOC shall be

21 delivered by mail and/or e-mail to the attention of Anna Y. Park, Regional

22 Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple

23 Street, 4th Floor, Los Angeles, California, 90012; facsimile number (213) 894-

24 1301.

25      D.     This Decree may be signed in counterparts. A facsimile signature

26 shall have the same force and effect of an original signature or copy thereof.

27 ## X.    <u>COSTS AND ATTORNEYS' FEES</u>

28

1  Each Party shall bear its own attorneys' or other professional fees and
2  associated costs incurred in, or in any way related to, asserting or defending the
3  claims asserted by and between the Parties, and the negotiation, preparation and
4  closing of this Decree.  Barraza shall bear all of Barraza's costs associated with its
5  administration and implementation of its obligations under this Decree.

6  All Parties, through the undersigned, respectfully apply for and consent to
7  the entry of this Consent Decree Order.

## XII.  COURT SHALL RETAIN JURISDICTION

9  The Magistrate Judge shall retain jurisdiction over all disputes between and
10 among the parties arising out of this Decree or the settlement agreement, including
11 but not limited to the interpretation and enforcement of the terms of this Decree or
12 the settlement agreement.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Anna Y. Park

Date: 7|9|18

By: _____
Anna Y. Park
Attorney for Plaintiff EEOC

Date: _____

By: _____
FRANCISCO BARRAZA [Owner]

Date: 7/3/18

By: _____
Attorney for Defendant
Barraza Farm Service

## ] ORDER

**GOOD CAUSE APPEARING:**

The Court hereby finds that compliance with all provisions of the foregoing Decree is fair and adequate. The Magistrate Judge hereby retains jurisdiction for the term of the foregoing Consent Decree, over all disputes between and among the parties arising out of this Decree or the settlement agreement, including but not limited to the interpretation and enforcement of the terms of this Decree or the settlement agreement, and the provisions thereof are hereby approved.

**IT IS SO ORDERED.**

DATED: 7/24/18

_____
Thomas Whelan
United States District Judge

# ATTACHMENT A

# ATTACHMENT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E Temple Street, 4ᵗʰ Floor
Los Angeles, CA 90012
(213) 894-1000
TTY (213) 894-1121
FAX (213) 894-1118

## NOTICE OF CONSENT DECREE AND SETTLEMENT

**TO:        ALL EMPLOYEES**

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Southern District of California against Barraza Farm Service, Case Number 3:17-cv-00678-W-NLS.  EEOC filed this lawsuit alleging that employees were subjected to sexual harassment, retaliation for engaging in protected activity, and/or retaliation for their association with employees who engaged in protected activity. Barraza Farm Service settled the case by entering into a "Consent Decree" with EEOC and paying $300,000 in monetary relief to victims identified by the EEOC.  In the Consent Decree, Barraza Farm Service agrees to various types of injunctive remedies including appointing an EEO Compliance Coordinator to oversee compliance with the Consent Decree; ensuring that policies and procedures against sexual harassment conform to Title VII; training employees regarding sexual harassment; creating a centralized system of tracking of harassment complaints; and providing EEOC with annual reporting regarding the injunctive remedies

Under the Consent Decree, employees are being given notice that any violations of Barraza Farm Service's policies against harassment and discrimination will be thoroughly investigated. Individuals found to have violated that policy will be subject to discipline up to and including termination of employment.  All employees will undergo training to prevent unlawful harassment and discrimination towards employees.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.  Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

Barraza Farm Service is committed to complying with federal anti-discrimination laws in all respects.  Sex harassment or discrimination will not be tolerated.  Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participation in any manner in any investigation will be protected from retaliation.

If you believe that you have been sexually harassed, discriminated against because of your sex, national origin, age, race, color, religion, or disability, you may follow Barraza Farm Service's procedures and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4ᵗʰ Floor
Los Angeles, CA 90012
TELEPHONE NUMBER: (213) 894-1000